# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

## NO. 5:11-CV-00461-FL

| | | |
|---|---|---|
| MATTHEW CORZINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| U.S. ARMY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This Cause comes before the Court upon Plaintiff's pro se motions to proceed *in forma pauperis* and to appoint counsel. (DE-2, DE-4). These matters are now ripe for adjudication and have been referred to the undersigned for the entry of a memorandum and recommendation in accordance with 28 U.S.C. § 636(b)(1). Plaintiff is incarcerated and the undersigned therefore recommends his motion for leave to proceed *in forma pauperis* be granted. However, because Plaintiff's complaint is time-barred, the undersigned concludes that Plaintiff's complaint is insufficient to survive review under 28 U.S.C. § 1915. The undersigned therefore recommends that Plaintiff's complaint be dismissed and the motion to appoint counsel be denied.

## I.    BACKGROUND

In his complaint, Plaintiff alleges the following[1]: In January of 2005, Plaintiff was an enlisted member of the United States Army stationed at Fort Bragg, North Carolina. (DE-1, pp.1-7). On or about January 14, 2005, Plaintiff was placed on unit restriction. (DE-1, p.7). Plaintiff's platoon leader, Second Lieutenant Corchoran, ordered the platoon to verbally assault

---

[1] The undersigned makes no findings regarding the credibility of the allegations set forth in the complaint.

and threaten Plaintiff to "teach him a lesson." (DE-1, p.7). Members of the platoon "taunt[ed], threaten[ed] and brandish[ed] firearms and knives" at Plaintiff. (*Id.*). They told Plaintiff "that on the next training exercise he was dead" and that he should "keep his mouth shut or they would get physical next time." (*Id.*). On January 22, 2005, members of Plaintiff's platoon, acting on orders, bound Plaintiff to a chair with "zipties" and repeatedly punched, slapped, and struck him with a phonebook and "other miscellaneous implements." (DE-1, p.8). They threatened to "cut his throat and shoot him in the head." (*Id.*). They pointed their weapons at Plaintiff's head and "dry fired" them. Plaintiff alleges this abuse continued for two days, during which time Plaintiff was ordered to report to the hospital for mental health treatment. The platoon members told Plaintiff to "keep his mouth shut or they would get him and finish the job." (DE-1, p.9).

When Plaintiff was taken to the hospital, he alleges he "was covered in feces, urine and blood" and was treated for bruises, lacerations, and broken bones. (DE-1, p.9). While at the hospital, Brigadier General Forater visited Plaintiff and told him he "had better shut up about the incident or else because the Army had enough bad press already." (DE-1, p.10). He also informed Plaintiff that "[t]hey were going to expedite his discharge," although Plaintiff had not requested a discharge, "in case he decided to file charges later." (*Id.*). Brigadier General Forater told Plaintiff "if he didn't shut up" his discharge would be "changed to a dishonorable one." (*Id.*).

While Plaintiff was at the hospital, members of his platoon entered Plaintiff's off-base residence without his permission and "removed his laptop, computer and any files containing information concerning the threats, torture and abuse." (DE-1, p.14). Further, "[w]hile in the plaintiff's home these defendants destroyed an antique handmade baby crib that was a family heirloom." (*Id.*). Finally, Plaintiff alleges that he was "forced to make false confessions to the Las Vegas police over the phone that resulted in [the] prison sentence" he is currently serving in Nevada. (DE-1, p.13).

Plaintiff filed the instant complaint August 30, 2011. (DE-1). Because of his incarcerated status, Plaintiff seeks to proceed *in forma pauperis*. (DE-2). He also asks the Court

to appoint counsel for him. (DE-4). In his complaint, Plaintiff seeks compensatory and punitive damages, as well as declaratory relief "in the form of [an] admission that the confessions to [the] Las Vegas Police were coerced." (DE-1, p.18).

## II.    LEGAL BACKGROUND

This case is subject to screening under 28 U.S.C. § 1915(e). Pursuant to § 1915(e)(2)(B), a court shall dismiss claims filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A complaint is frivolous if "'it lacks an arguable basis either in law or in fact.'" McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). A complaint lacks an arguable basis in law if it is time-barred under the applicable statute of limitations. *See* Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (holding that a court may properly dismiss a complaint as frivolous under § 1915(e) if it is time-barred on its face).

"Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* at 955 (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). In Kubrick, the United States Supreme Court held that for a cause of action to accrue, the plaintiff must know that he has been harmed and who inflicted the injury. Once imputed with that knowledge, the plaintiff is on inquiry notice, imposing on him a duty to inquire about the details of negligence that are reasonably discoverable. "To excuse him from promptly [making inquiry] by postponing the accrual of his claim would undermine the purpose of the limitations statute." Kubrick, 444 U.S. at 123. Where no federal statute of limitations governs, federal courts borrow the personal injury statute of limitations from the relevant state. *See* Nasim, 64 F.3d at 955 (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)).

In his complaint, Plaintiff notes that he is proceeding pursuant to Bivens. *See* Bivens v.

3

<u>Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971) (holding that an independent cause of action for monetary damages exists against federal officials who, acting under color of federal law, violate an individual's constitutional rights). The state statute of limitations governing personal injury actions applies to <u>Bivens</u> actions. *See* <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999). In North Carolina, where the acts complained of in the instant complaint arise, the applicable statute of limitations is three years. *See* N.C. Gen. Stat. § 1-52(5).

## III. <u>ANALYSIS</u>

Here, Plaintiff's action is without legal merit because he did not file his claims within three years after they accrued. The complaint is therefore untimely and should be dismissed. *See* <u>Todd v. Baskerville</u>, 712 F.2d 70, 74 (4th Cir. 1983) (affirming the district court's dismissal under § 1915(d) of actions that appeared on their face to be barred by the applicable statute of limitations). As discussed *supra*, North Carolina's three-year statute of limitations applies. *See id.*; N.C. Gen. Stat. § 1-52(5). While the applicable state statute of limitations determines the length of the limitations period, federal law determines the time of accrual for the cause of action. *See* <u>Wilson</u>, 471 U.S. at 266-69; <u>Nasim</u>, 64 F.3d at 955. The actions underlying Plaintiff's claims took place in January and February of 2005. The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *See* <u>Nasim</u>, 64 F.3d at 955 (noting that a cause of action accrues and the statute of limitations commences "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action"). Plaintiff knew of his injuries in January and February of 2005, when the named defendants allegedly assaulted, tortured and threatened him, broke into his home, and forced him to falsely confess. Plaintiff did not file his complaint, however, until August 30, 2011. (DE-1). As such, well over three years have elapsed and the applicable statute of limitations bars consideration of

4

Plaintiff's claims. The undersigned therefore RECOMMENDS that Plaintiff's complaint be dismissed as frivolous. Because his claims are time-barred, the undersigned RECOMMENDS that Plaintiff's motion to appoint counsel (DE-4) be denied as moot.

### IV.   CONCLUSION

The undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* (DE-2) be GRANTED. It is further recommended that Plaintiff's complaint (DE-1) be DISMISSED as frivolous and that his motion for the appointment of counsel (DE-4) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, September 20, 2011.


_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE