IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-461-FL

MATTHEW CORZINE,

    Plaintiff,

v.

U.S. ARMY, et. al.,

    Defendants.

ORDER

This matter is before the court on plaintiff's *pro se* motion for leave to proceed in forma pauperis ("IFP") and motion to appoint counsel (DE # 2, 4). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court grant plaintiff's motion to proceed IFP, deny plaintiff's motion for counsel, and dismiss plaintiff's complaint as frivolous. Plaintiff timely filed objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge in part as modified.

**COURT'S DISCUSSION**

Plaintiff's objection clearly states that he does not object to the case background as presented in the M&R. (Obj. 1.) As such, the court forgoes recitation of the allegations in plaintiff's complaint, as such facts are laid out in detail in the M&R. (See M&R 1-3.) The court turns directly to plaintiff's objections. Plaintiff objects to the magistrate judge's conclusion that his complaint was

frivolous because it was time barred. He objects to the running of the statute of limitations, and argues that the principles of equitable tolling should apply to his claim.

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss claims filed IFP if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). A complaint is frivolous if it lacks an arguable basis in law or fact. McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009). A complaint lacks an arguable basis in law if it is time barred under the applicable statute of limitations. See Nasim v. Warden, Md., House of Corrections, 64 F.3d 951, 956 (4th Cir. 1995). As plaintiff is proceeding under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), his claim is subject to the state statute of limitations governing personal injury actions. See Reinhold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999). In North Carolina, the statute of limitations for personal injury actions is three years. N.C. Gen. Stat. § 1-52(5).

Plaintiff does not dispute that well over three years have elapsed since the actions alleged in the complaint occurred. He argues that the court should apply the doctrine of equitable tolling to his case because extraordinary circumstances prevented him from bringing his claim, specifically that defendants prevented him from bringing suit by making certain statements and withholding certain documents necessary for his case.

Federal courts apply the forum state's law regarding tolling, including equitable tolling, when application is not inconsistent with federal law. See Hardin v. Straub, 490 U.S. 536, 537-39 (1990). The United States Supreme Court has held that equitable tolling should apply in cases where the claimant has actively pursued his judicial remedies during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. See Irwin v. Dep't of Veteran's Affairs, 498 U.S. 89, 97 (1990). In the present

case, plaintiff alleges that various defendants, including possibly the Department of Veteran's Affairs ("VA"), instructed him not to file suit while his claims were being investigated, or otherwise discouraged him from pursuing an action in federal court. While the record includes no evidence in support of these allegations, including no evidence of the alleged notifications plaintiff received from the VA, the court cannot indisputably find that equitable tolling should not apply in this case, especially since it must afford *pro se* petitioner's complain a more liberal construction.[1] Defendants should be given a chance to respond and expand the record with regard to these allegations. Therefore, plaintiff's motion to proceed IFP is granted.

Turning now to plaintiff's motion for counsel, plaintiff asks the court to appoint counsel to represent him for various reasons. Among these are the fact that he is unable to afford counsel, the issues in the case are complex, he has limited access to the law library, he is incarcerated in another state and cannot conduct discovery, he is unable to expand the record in this case, and he is physically unable to investigate or participate in settlement conferences.

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, (5th Cir.1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir.

---

[1] Cf. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (in habeas action, requiring district court to warn *pro se* petitioner of dismissal based on statute of limitations if state has not yet filed motion to dismiss, unless it is indisputably clear from materials presented to district court that the petition is untimely and cannot be salvaged by equitable tolling).

1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding *pro se.* As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion to proceed *in forma pauperis* (DE #2). Plaintiff's motion to appoint counsel (DE # 4) is DENIED. The Clerk is DIRECTED to file plaintiff's complaint, as well as issue summons for service. The United States Marshal is DIRECTED to serve the summons and a copy of the complaint and plaintiff's response to the M&R on defendants.

SO ORDERED, this the ___8th___ day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge