IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-000461-FL

| | | |
|---|---|---|
| MATTHEW CORZINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| U.S. ARMY, BRIGADIER GENERAL | ) | |
| FORATER, LIEUTENANT GENERAL | ) | |
| JOHN DOE #1, MAJOR ELIZABETH | ) | |
| KINZIE, SECOND LIEUTENANT | ) | |
| COCHORAN, SARGENT MORE, | ) | |
| FIRST SARGENT JOHN DOE #2, | ) | |
| SARGENT JOHN DOE #3, SARGENT | ) | |
| JOHN DOE #4, SPECIALIST JOHN | ) | |
| DOE #5, SPECIALIST JOHN DOE #6, | ) | |
| PRIVATE JOHN DOE #7, PRIVATE | ) | |
| JOHN DOE #8, PRIVATE JOHN DOE | ) | |
| #9, PRIVATE JOHN DOE #10, | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF CASE**

This matter comes before the court on plaintiff's motion to for certificate of appealability (DE # 60). In this posture, the matter is ripe for adjudication. For the following reasons, the court dismisses as moot plaintiff's motion. On August 30, 2011, plaintiff filed a Bivens complaint against defendants while incarcerated, alleging several constitutional violations (DE # 1). Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Although the complaint was filed after the applicable statute of limitations had run, this court found that the initial pleadings passed frivolity review and granted plaintiff's motion to proceed *in forma pauperis* in order to give

both parties the opportunity to expand the record on the evidence relevant to the complaint (DE # 12). Defendants' moved to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction under the Federal Rules of Civil Procedure. Upon review of the parties' briefs, this court found that it lacked subject matter jurisdiction to entertain plaintiff's Bivens complaint. Plaintiff then filed the instant motion for certificate of appealability.

## DISCUSSION

A certificate of appealability is required when a litigant is appealing a claim brought under either habeas corpus proceedings or a proceeding under 28 U.S.C. § 2255. See 28 U.S.C. 2253(c). Here, plaintiff brought his complaint pursuant to Bivens, and not as a habeas corpus or § 2255 claim. Thus, a certificate of appealability is not required. See McKinnon v. Haynes, No. 5:06CV39, 2009 WL 1767735, at *3 (N.D.W.V. June 17, 2009) ("[A] certificate of appealability is not required for a federal prisoner proceeding under . . . *Bivens*."); Roseboro v. Osho, No. 5:04CV178–1–MU, 2004 WL 3359964, at *1 (W.D.N.C. Dec. 20, 2004) ("A plaintiff in a *Bivens* action does not need a certificate of appealability to appeal his case."). Accordingly plaintiff's motion for certificate of appealability is DISMISSED as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for certificate of appealability is DISMISSED as moot.

SO ORDERED, this the 29th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge